JOHN T. BARBEE & CO. v. AMERICAN BREWING ASS'N et al.
(No. 6115.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 18, 1918.)

1. FRAUDULENT CONVEYANCES ☞47 — BULK SALES LAW—RETAKING GOODS.

Where a retailer obtained goods by falsely representing that he had the money to pay therefor, the wholesaler upon discovering the fraud could demand and accept a return of the goods without becoming liable to creditors under Rev. St. 1911, arts. 3971–3973, relating to sales in bulk.

2. FRAUDULENT CONVEYANCES ☞269(1) — BULK SALES LAW—PLEADING.

In an action by a creditor under Rev. St. 1911, arts. 3971–3973, against one receiving stock in bulk, the defendant was entitled to prove, under a general denial, that there was no liability on its part under the Bulk Sales Law.

3. FRAUDULENT CONVEYANCES ☞266(2) — BULK SALES LAW—PLEADING—SUFFICIENCY OF ANSWER.

In an action by a creditor under Rev. St. 1911, arts. 3971–3973, against one receiving stock in bulk, a special answer, as against a general demurrer, held to sufficiently allege that there had been no sale in violation of such statutes.

Appeal from Cameron County Court; H. L. Yates, Judge.

Consolidated actions by the American Brewing Association and the Brownsville Bank & Trust Company against P. Arismendi, Jr., John T. Barbee & Co., and H. H. Weller. Judgment for plaintiffs against the first two defendants, and John T. Barbee & Co. appeals. Reversed and rendered in part, and affirmed in part.

Jones & George, of Brownsville, for appellant.

H. W. Williams, of Brownsville, for appellees.

MOURSUND, J. This is an appeal from a judgment rendered in two cases which were consolidated. One of these, as made by the petition on which trial was had, was a suit by the American Brewing Association against P. Arismendi, Jr., for a balance of $364.09 and certain interest and attorney's fees, alleged to be due on a promissory note to said brewing association by said Arismendi and his partner, Rosalio Gutierrez, for liquors sold them while they were in the saloon business. The other was a suit by the Brownsville Bank & Trust Company against said Arismendi, Jr., for $364.09, interest and attorney's fees, alleged to be due upon a promissory note executed by said Arismendi and his partner, Gutierrez. In each case the appellant, John T. Barbee & Co., and H. H. Weller were sued for the sum claimed against Arismendi; it being alleged that appellant or H. H. Weller purchased from Arismendi & Gutierrez goods, wares, and merchandise, of the aggregate value of $800, without complying with the provisions of the Bulk Sales Law, which goods, wares, and merchandise they then had in stock in their retail liquor business.

Appellant company, in addition to a general denial, specially pleaded that the goods

were not bought by it, and not sold to it by Arismendi or Gutierrez, but were the property of appellant company, and the title to same had never passed to said parties, in this, that said goods had been contracted to said Arismendi & Gutierrez by this appellant and delivered to them upon the promise to pay\cash therefor and upon the promise and representation that said Arismendi & Gutierrez were solvent and able to pay cash therefor, whereas in truth and in fact, at the time said goods were delivered, they were not solvent and able to pay cash therefor, but were insolvent and unable to pay for said goods, and that, as soon as appellant discovered that said representations were untrue, it demanded the return of said goods, and said goods were then and there returned to it in whole packages and just as they were originally delivered to said Arismendi & Gutierrez. This answer was adopted by Weller.

The trial resulted in a judgment in favor of the brewing association and the bank against Arismendi for the amount sued for, and in favor of each against appellant company for $249.95, and that they take nothing as against Weller.

The judgment against appellant is based on the finding by the trial court that certain goods of the value of $499.90 sold by appellant to Arismendi & Gutierrez were reclaimed by appellant and surrendered by said parties, the court finding in this connection that the sale of the goods was induced by false and fraudulent representations by said parties to appellant's agent to the effect that they were solvent, when in fact they were notoriously insolvent, and that about 30 days after said goods were in the place of business of said parties appellant discovered that such representations were false, and as soon as possible reclaimed such goods, or a part thereof, which were surrendered by said Arismendi & Gutierrez. The goods thus reclaimed were sold by appellant to H. H. Weller for $499.90, and at the date of trial all of the same had passed from the possession of Weller.

The findings of fact are lengthy and show fully the gross fraud which induced the appellant to part with its goods, but we have stated the substance thereof sufficiently for the purposes of this appeal.

Appellant's assignments raise the issue that the findings of fact do not show a sale in violation of the Bulk Sales Law.

· [1] It is well settled by our decisions that appellant, upon discovering the falsity of the representations, was entitled to recover by suit the goods delivered by it to Arismendi & Gutierrez, and could have done so, even if the same had been transferred to an assignee for the benefit of creditors, or delivered to creditors in payment of their claims. Simpkins on Contracts and Sales (3d Ed.) pp. 900–902. It is held that under such circumstances the title does not pass. Articles 3971, 3972, and 3973, Rev. St. 1911, relating to sales in bulk, were enacted for the prevention of fraud, and not for the purpose of preventing sellers from repossessing themselves of goods obtained from them by fraud. Such statutes would not have prevented appellant from procuring a judgment for its goods under the facts proven, and it necessarily follows that they would not render appellant liable by reason of the fact that the return of the goods was procured without the aid of a court, pursuant to a rescission of the contract. The transaction did not constitute a sale or transfer within the meaning of said statutes.

[2, 3] The appellees, by cross-assignment, complain of the overruling of their general demurrer to appellant's answer. This is not a suit by appellant to rescind the sale of the goods, but is one in which appellees undertook to prove a sale in violation of the Bulk Sales Law. We believe appellant was authorized, under its general denial, to prove that there was no liability on their part under the Bulk Sales Law. In addition the special answer, as against a general demurrer, sufficiently alleged that there could have been no sale in violation of the Bulk Sales Law, as the title had never passed.

Having held that appellant is not liable, it follows that the cross-assignment complaining of the refusal to award a judgment against Weller must be overruled, and it is unnecessary to decide what appellees' rights would have been as to him had appellant bought in violation of the Bulk Sales Law.

The judgment will be reversed in so far as it awards a recovery against appellant. in favor of each appellee, and judgment rendered that each of them take nothing as against appellant. In all other respects the judgment will remain undisturbed.